UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN JONES, on behalf of himself and all similarly situated employees, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____ |
| vs. | )<br>) **JURY TRIAL DEMANDED** |
| SYNERGIES3 TEC SERVICES, LLC, BENTON ODOM and ERIC ATCHLEY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff Stephen Jones, individually and on behalf of other similarly situated satellite television installation technicians employed in Missouri during the relevant limitations periods, states as follows for his Complaint against Defendant Synergies3 Tec Services, LLC ("Synergies3"), Benton Odom and Eric Atchley:

### PRELIMINARY STATEMENT

1. Defendants own and operate a satellite television installation business, including facilities in Missouri, Illinois and Nebraska.

2. Defendants employ satellite television installation technicians in, among other states, Missouri, Illinois and Nebraska (collectively "Missouri, Illinois and Nebraska Technicians"), who Defendants have misclassified as "independent contractors."

3. Defendants have failed and refused to pay overtime wages to the Missouri, Illinois and Nebraska Technicians.

4. Plaintiff seeks to pursue the overtime claims as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the overtime pay

1

provisions of the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. § 290.500, *et seq.*, to recover unpaid overtime pay owed to himself and similarly situated technicians misclassified by Defendants as "independent contractors."

### JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

6. Jurisdiction over Plaintiff's MMWL claim is based on R.S. Mo. § 290.527 and 28 U.S.C. § 1367 (pendent claims).

7. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants maintain a place of business in this District, Defendants regularly perform satellite television installation within this District, Defendants employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

### PARTIES

8. Defendant Synergies3 is a Texas limited liability company, registered in Missouri, which has conducted a satellite television installation business in Missouri, Illinois and Nebraska during all times relevant.

9. Defendant Benton Odom is an individual who resides in Texas. Throughout the relevant period, Defendant Odom exercised operational control over Synergies3, oversaw and/or implemented the wage and hour policies and practices implicated in this action, was ultimately responsible for the Technicians' wages and wage statements and, as a result, is personally liable for the actions alleged herein.

10. Defendant Eric Atchley is an individual who resides in Texas. Throughout the relevant period, Defendant Atchley exercised operational control over Synergies3, oversaw and/or implemented the wage and hour policies and practices implicated in this action, was ultimately responsible for the Technicians' wages and wage statements and, as a result, is personally liable for the actions alleged herein.

11. From about July 2016 through the present, Plaintiff Stephen Jones has been employed by Defendants in Missouri as a satellite television installation technician. Plaintiff's consent to bring the FLSA claim asserted herein is attached as "Exhibit 1."

## PERTINENT FACTS

*Defendants' Business*

12. Defendants operate a satellite television installation business, including facilities located in Missouri, Illinois and Nebraska.

13. Defendants employ numerous satellite television installation technicians in Missouri, Illinois and Nebraska.

14. The Missouri, Illinois and Nebraska Technicians perform the same primary job duty of installing satellite television service for Defendants' customers.

*Work Time*

15. Plaintiff and Defendants' other technicians misclassified as "independent contractors" typically worked over 40 hours per week.

*No Overtime Pay*

16. Defendants did not pay overtime compensation to the technicians misclassified as "independent contractors."

*Defendants' Treatment of the Missouri, Illinois and Nebraska Technicians*

17. Defendants have similarly treated the Missouri, Illinois and Nebraska Technicians as employees as:

(a) The Missouri, Illinois and Nebraska Technicians have been economically dependent on Defendants;

(b) Defendants have scheduled the Missouri, Illinois and Nebraska Technicians to work full time or longer hours, thereby precluding the Missouri, Illinois and Nebraska Technicians from earning substantial income from other sources or engaging in substantial independent business activities;

(c) The Missouri, Illinois and Nebraska Technicians' work, assigned by Defendants, has constituted an integral part of Defendants' business and/or Defendants have assigned Technicians to perform Defendants' core business activity of installing satellite television service for Defendants' customers;

(d) The Missouri, Illinois and Nebraska Technicians do not exercise managerial skill which affects their opportunity for profit or loss;

(e) The Missouri, Illinois and Nebraska Technicians do not hold meaningful opportunity for profit or loss as part of their duties performed for Defendants;

(f) Defendants have compensated Missouri, Illinois and Nebraska Technicians through a "piece rate" pay plan, such that the Missouri, Illinois and Nebraska Technicians have no opportunity to increase earnings based on entrepreneurial or business skills;

(g) Prior to about May 18, 2018, the Missouri, Illinois and Nebraska Technicians did not hire other helpers or subordinates to assist them with providing Defendants' services to its customers;

(h) The Missouri, Illinois and Nebraska Technicians do not solicit additional work for themselves from Defendants' customers or others;

(i) The Missouri, Illinois and Nebraska Technicians have not advertised their services as satellite television installers;

(j) The Missouri, Illinois and Nebraska Technicians have not purchased or maintained inventories of satellite television parts for sale or distribution to customers, as such parts are provided by Defendants to the Missouri, Illinois and Nebraska Technicians at Defendants' facilities;

(k)     The Missouri, Illinois and Nebraska Technicians have not rented, leased or purchased retail, warehousing or other commercial space to maintain inventories of satellite television parts to sell to customers;

(l)     The Missouri, Illinois and Nebraska Technicians have not scheduled installations or managed time tables for installation of satellite television service to Defendants' customers;

(m)     The Missouri, Illinois and Nebraska Technicians have invested relatively small amounts in equipment and supplies needed to perform their duties for Defendants compared to the value of Defendants' investments in its own business, inventory, premises, operating systems, advertising, name recognition, goodwill, labor, overhead, etc.;

(n)     The Missouri, Illinois and Nebraska Technicians' employments have typically lasted relatively long-term, such as Plaintiff's approximately three-year long service for Defendants; and

(o)     Defendants maintain the ability to exercise meaningful control, and do exercise meaningful control, over the Missouri, Illinois and Nebraska Technicians, including, but not limited to:

    (i)     Defendants assign the Missouri, Illinois and Nebraska Technicians' work schedules;

    (ii)     Defendants assign the Missouri, Illinois and Nebraska Technicians to particular jobs;

    (iii)     Defendants assign time frames for the Missouri, Illinois and Nebraska Technicians' jobs;

    (iv)     Defendants require the Missouri, Illinois and Nebraska Technicians to appear at Defendants' facilities at specified times to attend meetings regarding work issues;

    (v)     Defendants have required the Missouri, Illinois and Nebraska Technicians to report to Defendants' facilities to return parts needed by other Missouri, Illinois and Nebraska Technicians or needed for inventories;

    (vi)     Defendants have instructed the Missouri, Illinois and Nebraska Technicians how to perform their jobs, including requiring them to observe other technicians or managers until they are able to install satellite television service by themselves;

    (vii)     Defendants have required the Missouri, Illinois and Nebraska Technicians to view training videos and pass tests;

(viii) Defendants have monitored and supervised the work of the Missouri, Illinois and Nebraska Technicians, including follow-up visits by supervisors who photograph and critique the Missouri, Illinois and Nebraska Technicians' work;

(ix) Defendants assign the Missouri, Illinois and Nebraska Technicians to return to job sites to correct their work;

(x) Defendants have warned the Missouri, Illinois and Nebraska Technicians of discipline based on their performance and/or conduct, including, but not limited to, warning some of the Missouri, Illinois and Nebraska Technicians of suspension, having their routes taken away, and termination;

(xi) Defendants have disciplined some of the Missouri, Illinois and Nebraska Technicians based on performance and/or conduct, including, but not limited to, terminating some of the Missouri, Illinois and Nebraska Technicians;

(xii) Defendants have required the Missouri, Illinois and Nebraska Technicians to acknowledge their job assignments by a certain time;

(xiii) Defendants have required the Missouri, Illinois and Nebraska Technicians to verify that they are in route to job assignments;

(xiv) Defendants have monitored the Missouri, Illinois and Nebraska Technicians through a tracking application;

(xv) Defendants require the Missouri, Illinois and Nebraska Technicians to log in to Defendants' computer systems from each job site;

(xvi) Defendants require the Missouri, Illinois and Nebraska Technicians to log out from Defendants' computer systems at the end of each job;

(xvii) Defendants have required the Missouri, Illinois and Nebraska Technicians to call dispatchers to report their arrival at job sites;

(xviii) Defendants have required the Missouri, Illinois and Nebraska Technicians to obtain signatures of Defendants' customers to verify services provided;

(xix) Defendants have informed the Missouri, Illinois and Nebraska Technicians that they are running behind Defendants' schedules;

(xx) Defendants have instructed the Missouri, Illinois and Nebraska Technicians to go to the next job site;

(xxi) Defendants have provided the Missouri, Illinois and Nebraska Technicians instruction on how to communicate with customers.

(xxii) Defendants have required the Missouri, Illinois and Nebraska Technicians to use Defendants' paper and computerized business forms;

(xxiii) Defendants have required the Missouri, Illinois and Nebraska Technicians to request time off from work in advance;

(xxiv) Defendants evaluate the Missouri, Illinois and Nebraska Technicians' performance based on quality standards, completion rates, and rates of return visits to job sites; and

(xxv) Defendants assign each Missouri, Illinois and Nebraska Technician to a particular manager.

18. Defendants require the Technicians to wear uniform shirts, which contain Synergies3's stylized logo.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

*FLSA Collective Action*

19. Plaintiff brings the FLSA claim asserted herein (Count I) as an "opt-in" collective action on behalf of all similarly situated Missouri, Illinois and Nebraska Technicians who file a consent to join under 29 U.S.C. § 216(b).

20. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practices of failing to pay the Missouri, Illinois and Nebraska Technicians federal minimum wage and overtime compensation.

21. Plaintiff and all of the other Missouri, Illinois and Nebraska Technicians are similarly situated in that:

(a) They have worked for Defendants as technicians performing Defendants' primary business, namely installing satellite television service;

(b) Defendants have treated all of them as employees, as set forth in detail above;

7

(c) They have worked over 40 hours per week during at least some workweeks; and

(d) They have been denied overtime pay for work in excess of 40 hours per week.

*MMWL Claim*

22. Plaintiff brings the MMWL claim asserted herein (Count II) as a class action under Rule 52.08 of the Missouri Rules of Civil Procedure on behalf of himself and as the Class Representative of the following persons:

> All current and former technicians in the State of Missouri considered by Defendants as "independent contractors" at any time since the date two years preceding the filing of this Complaint ("the Missouri Class").

23. The MMWL claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Missouri Class.

24. The Missouri Class members can be easily identified through Defendants' business records.

25. The Missouri Class satisfies the numerosity standard of Rule 52.08(a)(1) because it is comprised of at least hundreds of persons who are geographically dispersed and, as a result, joinder of all Class members in a single action is impracticable.

26. Questions of law and fact common to the Missouri Class within the meaning of Rule 52.08(a)(2) include, but are not necessarily limited to:

(a)  Whether Defendants misclassified the Missouri Class members as "independent contractors;"

(b)  Whether they have worked for Defendants performing Defendants' primary business, namely installing satellite television service;

(c)  Whether Defendants have treated them as employees; ;

8

  (d)  Whether they have worked over 40 hours per week during at least one workweek; and

  (e)  Whether they have been denied overtime pay for work in excess of 40 hours per week.

27. Plaintiff's claims are typical of those of the Missouri Class within the meaning of Rule 52.08(a)(3) in that:

  (a)  Plaintiff and the Missouri Class have worked for Defendants in Missouri as satellite television installation technicians for Defendants;

  (b)  Plaintiff and the Missouri Class have performed the same primary job duties for Defendants;

  (c)  Plaintiff and the Missouri Class have been treated as employees, as set forth in detail above;

  (d)  Plaintiff and the Missouri Class have worked over 40 hours per week during at least some workweeks; and

  (e)  Plaintiff and the Missouri Class have been denied overtime pay for work in excess of 40 hours per week.

28. Plaintiff is an adequate representative of the Missouri Class within the meaning of Rule 52.08(a)(4) because he is a member of the Missouri Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the Missouri Class will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

29. A class action is appropriate under Rule 52.08(b)(1) as the prosecution of separate actions by individual members of the Missouri Class would create a risk of inconsistent or varying

adjudication with respect to individual members of the Missouri Class which would establish incompatible standards of conduct for the party opposing the class and/or adjudications with respect to individual members of the Missouri Class would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

30. Alternatively, a class action is appropriate under Rule 52.08(b)(3) as (a) the common questions of law or fact listed above predominate over any questions affecting only individual members and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy because the interest of members of the Missouri Class in individually controlling the prosecution of separate actions is minimal, there exists no other separate litigation concerning the same controversy, it is desirable to concentrate the litigation in this forum, and no substantial difficulties will be encountered in managing a class action.

## CLAIMS

### COUNT I:   Violation of the FLSA

31. Plaintiff reasserts and re-alleges the allegations set forth above.

32. At all times material herein, Plaintiff and other Missouri, Illinois and Nebraska Technicians have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

33. The FLSA regulates, among other things, the payment of overtime wages to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34. Defendants are subject to the overtime pay requirements of the FLSA because they constitute an enterprise engaged in interstate commerce and their technicians are engaged in interstate commerce.

35. During all times relevant to this action, Defendants have been the Missouri, Illinois and Nebraska Technicians' "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

36. During all times relevant to this action, the Missouri, Illinois and Nebraska Technicians have been Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

37. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Despite Defendants' misclassification of the Missouri, Illinois and Nebraska Technicians, none of the FLSA's exemptions apply to Plaintiff or other similarly situated technicians. *Id.*

38. Pursuant to the FLSA, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

39. Defendants violated the FLSA by failing to pay the Missouri, Illinois and Nebraska Technicians overtime wages as required by the FLSA. 29 U.S.C. § 207(a).

40. Plaintiff and all Missouri, Illinois and Nebraska Technicians are victims of a uniform compensation policy.

41. The Missouri, Illinois and Nebraska Technicians are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA, and dissuaded employees from asserting their legal rights by misinforming employees that they are "independent contractors."

42. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, the Missouri, Illinois and Nebraska Technicians are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that Defendants are not subject to an award of liquidated damages, the Missouri, Illinois and Nebraska Technicians are entitled to an award of prejudgment interest at the applicable legal rate.

44. As a result of the aforesaid violations, Defendants are liable under 29 U.S.C. § 216(b) for Plaintiff's reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated technicians demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the MMWL

45. Plaintiff reasserts and re-alleges the allegations set forth above.

46. At all relevant times herein, the Missouri Class has been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500 *et seq*.

47. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1.

48. During all times relevant to this action, Defendants were the "employer" of the Missouri Class members within the meaning of the MMWL. R.S. Mo. §§ 290.500(3) & (4).

49. During all times relevant to this action, the Missouri Class members were Defendants' "employees" within the meaning of the MMWL. R.S. Mo. §§ 290.500(3).

50. The MMWL exempts certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to the Overtime R.S. Mo. §§ 290.500(3).

51. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.S. Mo. § 290.505.1.

52. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay the Missouri Class overtime wages required under the MMWL. R.S. Mo. § 290.505.1.

53. The Missouri Class members are victims of a uniform and employer-based compensation policy.

54. The Missouri Class is entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

55. The Missouri Class is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

56. Defendants are liable under R.S. Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated technicians demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and

post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

  *s/ Mark Potashnick*

**WEINHAUS & POTASHNICK**
Mark Potashnick, E.D. Mo. Bar # 35970
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 984-810
markp@wp-attorneys.com

**GROSSMAN LAW FIRM**
Richard T. Grossman, E.D. Mo. Bar # 36218
230 S. Bemiston Ave., Suite 1200
St. Louis, Missouri 63105
Telephone: (314) 261-7323

Rick@grossmanlawfirm.com

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh, E.D. Mo. Bar # 47524
230 South Bemiston Ave., Suite 1200
Clayton, Missouri 63141
Telephone: (314) 862-3333 ext. 13
Facsimile: (314) 863-0605
elikarsh@aol.com

**ATTORNEYS FOR PLAINTIFFS**