# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEREK FAULK, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-982 |
| SYNERGIES3 TEC SERVICES, LLC, BENTON ODOM, JR. AND ERIC ATCHLEY, INDIVIDUALLY, | § § § § § | |
| DEFENDANTS | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Derek Faulk, on behalf of himself and all others similarly situated ("Plaintiff") and files this Original Collective Action Complaint against Synergies3 TEC Services, LLC, Benton Odom, Jr. and Eric Atchley, Individually ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 Defendants employ technicians nationwide who install, maintain, upgrade and repair satellite television and broadband communication equipment (hereinafter "technicians"). Defendants employed Plaintiff Derek Faulk as a technician.

1.2 Derek Faulk, on behalf of himself and all others similarly situated employed by Defendants as technicians, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-

judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.3   For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their technicians overtime premiums for hours worked in excess of forty hours per week. This collective action consists of current and former non-exempt technicians who were not paid overtime for hours worked over forty per week.

## II.   JURISDICTION AND VENUE

2.1   The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

2.2   The Court has personal jurisdiction over Defendant Synergies3 TEC Services, LLC because this Defendant is a Texas limited liability company, conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3   Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendants are residents of and are doing business in this District.

## III.   PARTIES

3.1   Derek Faulk is an individual residing in Oklahoma. His notice of consent is attached hereto as Exhibit A.

3.2   Defendant Synergies3 TEC Services, LLC is a Texas limited liability company that may be served with process through its registered agent for service of process, Corporation Service Company, 211 E. 7th St, Suite 620, Austin Texas 78701. Defendant Synergies3 TEC Services, LLC was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.3   Defendant Benton Odom, Jr. is an individual who resides in Carrollton, Texas and at all times relevant to this claim acted directly or indirectly in the interest of Defendant Synergies3 TEC Services, LLC in relation to the employment of Plaintiff and those similarly situated. Benton Odom, Jr. was also substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated. Benton Odom, Jr. was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d). Benton Odom, Jr. may be served with process at 2828 East Trinity Mills Road, Suite 120, Carrollton, Texas 78701.

3.4   Defendant Eric Atchley is an individual who resides in Carrollton, Texas, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant Synergies3 TEC Services, LLC in relation to the employment of Plaintiff and those similarly situated. Eric Atchley was also substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated. Eric Atchley was an employer of Plaintiff as defined by 29 U.S.C. §203(d). Eric Atchley may be served with process at 2828 East Trinity Mills Road, Suite 120, Carrollton, Texas 78701.

## IV. FLSA COVERAGE

4.1   At all relevant times, Defendant Synergies3 TEC Services, LLC has had gross operating revenues in excess of $500,000.00.

4.2   At all relevant times, Defendants have each been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3   At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203. Defendants are jointly and severally liable for damages herein. Defendants' employees routinely utilize equipment and tools to perform their job duties that have traveled in interstate commerce.

4.4   At all relevant times, Defendant Synergies3 TEC Services, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.5   At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce while performing their job duties for Defendants.

4.6   At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## V. FACTUAL ALLEGATIONS

5.1   Defendants contract nationwide with satellite television and broadband communication service providers for the installation, maintenance, upgrade and repair of their equipment.

5.2   Defendants paid Plaintiff and those similarly situated on a piece rate basis. Plaintiff and those similarly situated consistently worked over forty hours per week.

Plaintiff and those similarly situated were non-exempt employees. However, Defendants neither tracked technicians' time nor did they pay their technicians overtime premiums for any hours worked over forty per week.

5.3   Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.4   As the Directors of Defendant Synergies3 TEC Services, LLC, Benton Odom, Jr. and Eric Atchley independently exercised control over the work performed by Plaintiff and those similarly situated.

5.5   Benton Odom, Jr. and Eric Atchley are responsible for running the day-to-day operations of Synergies3 TEC Services, LLC.

5.6   Benton Odom, Jr. and Eric Atchley, acting directly in the interest of Synergies3 TEC Services, LLC, determined the wages to be paid to Plaintiff and those similarly situated.

5.7   Benton Odom, Jr. and Eric Atchley, acting directly in the interest of Synergies3 TEC Services, LLC, determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.8   Benton Odom, Jr. and Eric Atchley, acting directly in the interest of Synergies3 TEC Services, LLC, determined the locations where Plaintiff and those similarly situated would work.

5.9   Benton Odom, Jr. and Eric Atchley, acting directly in the interest of Synergies3 TEC Services, LLC, determined the hours of Plaintiff and those similarly situated.

5.10   Benton Odom, Jr. and Eric Atchley, acting directly in the interest of Synergies3

TEC Services, LLC, determined the conditions of employment of Plaintiff and those similarly situated.

5.11   Benton Odom, Jr. and Eric Atchley, acting directly in the interest of Synergies3 TEC Services, LLC, maintained employment records on Plaintiff and those similarly situated.

5.12   Benton Odom, Jr. and Eric Atchley, acting directly in the interest of Synergies3 TEC Services, LLC, possessed and, in fact, exercised the power to hire and fire Plaintiff and those similarly situated.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.1   Other employees have been victimized by this pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2   Plaintiff brings the first claim for relief on behalf of all persons who worked for Defendants as technicians at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3   Defendants paid Plaintiff and the Collective Class on a piece rate basis and suffered and permitted them to work more than forty hours per week. Defendants did not pay them proper overtime compensation for all hours worked beyond forty per week.

6.4   Though their job titles may vary, the primary function of members of the Collective Class is to install, maintain, upgrade and repair satellite television and broadband communication equipment.

6.5     Plaintiff and the Collective Class shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.12    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.13   Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.14   Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.   CAUSES OF ACTION: VIOLATIONS OF FLSA

7.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2   Plaintiff and all others similarly situated are non-exempt employees.

7.3   Plaintiff and all others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

7.4   During their employment, Plaintiff and the Collective Class routinely worked well in excess of forty hours per week. Even though they worked well in excess of forty hours per week, Defendants have failed to pay Plaintiff and the Collective Class overtime premiums for such hours, in violation of 29 U.S.C. § 201 *et seq.*

7.5   In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number hours worked per workweek by Plaintiff and the Collective Class.

7.6   Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Derek Faulk and all those similarly situated who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to §216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following against Defendants, jointly and severally:

a. unpaid overtime wages for all hours worked in excess of forty hours in a workweek;

b. liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

c. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,


/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIF