UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-01161-JAR |
| | ) |
| SYNERGIES3 TEC SERVICES, LLC, ERIC ATCHLEY, AND BENTON ODOM, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

This matter came before the Court for a hearing on Plaintiff Stephen Jones' motion for temporary restraining order (Doc. No. 2), held on July 16, 2018. Plaintiff appeared by counsel. Counsel for Defendants entered a limited appearance for the sole purpose of protecting Defendants' rights at the hearing. The Court heard oral argument and took the matter under submission. For the reasons set forth below, Plaintiff's motion will be granted.

## **BACKGROUND**

On July 15, 2018, Plaintiff filed this lawsuit seeking a collective action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). (Doc. No. 1). Motions for temporary restraining order and class certification were also filed. (Doc. Nos. 2 & 3).

Plaintiff asserts that this is at least the fourth suit filed against Defendant Synergies3 Tec Services, LLC ("Synergies3") seeking a collective action under the FLSA. Plaintiff asserts that it is also the third suit filed against Synergies3 seeking a class action under the Missouri Minimum Wage Law and Fed. R. Civ. P. 23. All of these claims similarly allege that Synergies3 fails to pay overtime wages to its satellite television installation technicians.

In his motion for temporary restraining order, Plaintiff contends that Synergies3 has exhibited a pattern of conduct in which it, upon learning that an FLSA lawsuit had been filed against it, circumvented counsel to obtain "settlement" with the named plaintiffs in exchange for the dismissal of the suit. Plaintiff submits various affidavits in support of his motion, including the affidavit of one of the plaintiffs' attorneys in the first case filed against Synergies3 and a plaintiff in one of the Missouri state cases. (Doc. Nos. 2-4, 2-5). Plaintiff now seeks an order from the Court prohibiting Defendants from any settlement attempts outside the participation of Plaintiff's counsel.

At the hearing, counsel for Plaintiff reiterated the arguments set forth in his motion for temporary restraining order. Counsel for Defendants first disputed the Court's jurisdiction to enter a temporary restraining order against Defendants. Defense counsel also argued that Plaintiff failed to present sufficient evidence of actual or threatened misconduct by Defendants.

**DISCUSSION**

<u>Jurisdiction</u>

Counsel for Defendants first argued that the Court did not have personal jurisdiction over Defendants because they had not yet been served or answered the Complaint.[1] A federal court may assume personal jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute and the Federal Constitution. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004). Missouri's long-arm statute provides, in pertinent part, as follows:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and if an individual, his

---

[1] Counsel did not provide the Court with any facts or case law in support of his argument that the Court lacks personal jurisdiction.

personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

> (1) The transaction of any business within this state;
> . . . .

Mo. Rev. Stat. § 506.500.

In construing the statute, Missouri courts have uniformly held that it is intended to extend jurisdiction over non-resident defendants to the limits allowed under the Due Process Clause of the Fourteenth Amendment. *See, e.g., State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. 1984); *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. 1970). The Due Process Clause of the Fourteenth Amendment requires that a defendant have such "minimum contacts" with the forum that exercise of jurisdiction over it does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). The defendant's contacts with the forum must be sufficiently purposeful that it "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts a court properly focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984).

In the Eighth Circuit, the due process determination requires a consideration of five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008). The first three factors are of greater importance than the last two. *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977).

To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state. *Dever*, 380 F.3d at 1072. The nonmoving party need only make a prima facie showing of jurisdiction at the TRO stage. *Bel Canto Design, Ltd. v. MSS HiFi*, No. CIV. 11-2126 DSD/FLN, 2011 WL 3798586, at *3 (D. Minn. Aug. 25, 2011) (citing *Coen v. Coen*, 509 F.3d 900, 904 (8th Cir. 2007).

Here, Plaintiff, a Synergies3 satellite television installation technician, alleges the following in the Complaint. Synergies3 is a Texas limited liability company, which conducts a satellite television installation business in Missouri. (Compl., Doc. No. 1, at ¶ 8). Defendants Odom and Atchley are individuals who reside in Texas and exercised operational control over Synergies3, oversaw and/or implemented the wage and hour policies and practices implicated in the lawsuit, and were ultimately responsible for the technicians' wages. (*Id.* at ¶ 9). Defendants "own and operate a satellite television installation business, including facilities in Missouri" and that they "employ numerous satellite television installation technicians in Missouri." (*Id.* at ¶¶ 12-13). Synergies3 maintains a workplace at 270 Fox Hill Road, St. Charles, MO 63301. (Tyrone Glover Decl., Doc. No. 2-5).

Defendants transacted business in the state of Missouri such that they "should reasonably anticipate being haled into court there." Defendants employ technicians (or, at a minimum, enter into contracts with independent contractors) in Missouri, have customers in Missouri, maintain an office in Missouri, and install satellite television services in Missouri. Based on the record before the Court and in the absence of evidence to the contrary, the Court finds that Defendants have sufficient minimum contacts with Missouri such that the exercise of personal jurisdiction comports with due process.

Injunctive Relief

"[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100–01 (1981). In *Gulf Oil*, a case dealing with a Rule 23 class action, the Supreme Court recognized that although "[c]lass actions serve an important function in our system of civil justice," they also present "opportunities for abuse." *Id*. at 99–100 n. 10; *see also Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170–72 (1989) (applying *Gulf Oil* to collective actions under Section 216 of the FLSA).

A district court may not order restraints on speech under Rule 23(d) except when justified by actual or threatened misconduct of a serious nature. *Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 59 F.3d 764, 766 (8th Cir. 1995) (citing Manual for Complex Litigation, Second § 30.24 at 232 (1985) ("MCL 2d"). "[A] limited restriction—such as precluding a defendant from soliciting class members to opt out of the litigation—will sometimes be justified." MCL 2d § 30.24 at 232 (citing *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985)).

Before entry of such an order, there must be a clear record and specific findings that reflect a weighing of the need for a limitation against the rights of the parties under the circumstances. *Gulf Oil*, 452 U.S. at 101-02. Courts have found a need to limit communications where the communications were misleading, coercive, or an improper attempt to undermine Rule 23. *See Belt v. Emcare*, Inc., 299 F. Supp. 2d 664, 667 (E.D. Tex. 2003). A finding of actual misconduct is not required; rather, "[t]he key is whether there is 'potential interference' with the rights of the parties in a class action." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC,

2013 WL 6407583, at *4 (N.D. Cal. Dec. 6, 2013). The standard of review for Rule 23(d) orders restraining communications is abuse of discretion. *Gulf Oil*, 452 U.S. at 103.

Here, there is undisputed evidence that Synergies3, through its agents or representatives, has on three prior occasions approached the named plaintiff of an FLSA lawsuit and entered into settlement negotiations in an effort to avoid litigation. The strategy worked on those three occasions, as the named plaintiffs each entered into a "settlement agreement" with Syngergies3 and then directed counsel to dismiss their FLSA claims.

Synergies3's actions present precisely the opportunities for abuse referenced in *Gulf Oil*. Representations made by Synergies3 when negotiating settlements with named plaintiffs appear to have been misleading and omitted significant material facts, including information about what the named plaintiffs might be able to recover from the lawsuit, how a proper settlement may be reached and approved by the Court, etc. The Court finds that Synergies3's actions constitute misconduct of a serious nature with the potential to interfere with the rights of the parties in this class action lawsuit, and that they undermine the purpose of collective actions and Rule 23. The Court notes that the acceptance of a purported settlement by the named plaintiffs without Court review and approval was also improper and threatened the rights of potential class members.

Therefore, the Court will grant Plaintiff's motion for TRO. The Court is cognizant of the fact that such an Order will limit the parties' right to free speech. Therefore, the TRO is narrowly tailored to only limit specific speech for a short period of time. The Court will prohibit Synergies3 and any agents or representatives acting on its behalf from communicating or engaging in—outside the presence of counsel—settlement discussions with any named plaintiff or any potential class member to this FLSA action. The TRO will expire on August 1, 2018, at which time the Court will hold a preliminary injunction hearing.

Lastly, although this Order is issued under the Court's inherent authority under Rule 23, Rule 65 guides the Court as to form. After due consideration, the Court believes that a $1,000 bond is sufficient to cover the costs and damages that may be incurred or suffered by Defendants if it is found that they have been wrongfully enjoined. Fed. R. Civ. P. 65(c).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for temporary restraining order (Doc. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Synergies3, and any agents or representatives acting on behalf of Synergies3, be temporarily enjoined, until further order from the Court, from communicating or engaging in—outside the presence of counsel—settlement discussions with any named plaintiff or any potential class member to this action. This Order is also specifically binding upon Benton Odom Jr. and Eric Atchley, who appear to exercise operational control over Synergies3.

**IT IS FURTHER ORDERED** that Plaintiff Stephen Jones shall provide a surety bond or deposit in the amount of $1,000.00 as security for the payment of such costs and damages (if any) as may be incurred or suffered by Synergies3 if Synergies3 found to have been wrongfully restrained.

**IT IS FURTHER ORDERED** that this matter is set for hearing for preliminary and permanent injunction on **Wednesday, August 1, 2018, at 10:00 AM, in Courtroom 12N.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion for preliminary injunction and brief in support on or before **July 23, 2018**. Any response shall be filed on or before **July 26, 2018**. Any reply shall be filed on or before **July 30, 2018**.

**IT IS FINALLY ORDERED** that this Temporary Restraining Order shall remain in full force and effect until August 1, 2018.

Dated this 18th day of July, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE