UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN JONES, on behalf of himself and all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>SYNERGIES3 TEC SERVICES, LLC, et al.,<br><br>Defendants. | Case No. 4:18-cv-01161-JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's unopposed motion for approval of Fair Labor Standards Act ("FLSA") collective action settlement (Doc. No. 42), and the parties' joint motion for leave to file under seal the confidential settlement agreement and memorandum in support of the unopposed motion (Doc. No. 40). Plaintiff seeks approval of the Court to settle his FLSA claims on his own behalf and on behalf of 23 other individuals who filed notices of consent to join this action.

On December 13, 2018, the Court set this matter for a hearing to allow the consenting individuals an opportunity to object to the settlement. That hearing was held on December 21, 2018, and no objections were raised. For the reasons set forth below, the motion to approve the settlement shall be granted, and the related settlement documents may remain under seal.

**I.      Background**

Plaintiff Stephen Jones, a satellite television installation technician, asserts claims under the FLSA and the Missouri Minimum Wage Law to recover for unpaid overtime in the course of his employment with Defendants Synergies 3 Tec Services, Benton Odom, and Eric Atchley,

who own and operate a satellite television installation business. Plaintiff asserts that he and other satellite television installation technicians in Missouri, Illinois, and Nebraska were improperly classified as independent contractors and denied payment of overtime wages.

On July 15, 2018, Plaintiff filed a motion for temporary restraining order asserting that Defendants, upon learning that an FLSA lawsuit had been filed against them, had exhibited a pattern of conduct in which they circumvented counsel to obtain "settlement" with the named plaintiffs in exchange for the dismissal of the suit. Plaintiff sought an order from the Court prohibiting Defendants from any settlement attempts outside the participation of Plaintiff's counsel, which the Court granted on July 18, 2018. (Doc. No. 7).

The parties then engaged in attempts to resolve the litigation. Since July 20, 2018, twenty-three individuals have consented to join the litigation ("opt-in Plaintiffs").[1] To date, Defendants have not been served with the complaint, and, as a result, they have not filed an answer. The parties reached a private settlement, which provides for separate payments to Plaintiff Stephen Jones and the opt-in Plaintiffs and an award of attorneys' fees to Plaintiffs' counsel.

On December 18, 2018, the Court held a hearing to allow any of the opt-in Plaintiffs to object to the terms of the settlement. There were no objections.

**II.   Discussion**

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *Bench v. Cheyenne Logistics, LLC.*, No. 4:14-CV-01327-NCC, 2016 WL 2997591, at *1 (E.D. Mo. May 25, 2016) (citing *King v. Raineri Constr., LLC*, No. 4:14–CV–1828 (CEJ), 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015)

---

[1]   Twenty-five individuals filed notices of consent, but three withdrew their consent. (Doc. No. 38).

(citing cases)); *see also Sanderson v. City of Potosi*, No. 4:13-CV-1457 NAB, 2016 WL 1746084, at *1 (E.D. Mo. May 3, 2016); *Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV-00743-AGF, 2016 WL 1275598, at *1 (E.D. Mo. Apr. 1, 2016).

There is a lack of Eighth Circuit precedent to inform the Court whether it must evaluate and approve a private FLSA settlement, or whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement. *See id.* However, "because declining to review the settlement would leave the parties in an uncertain position," requests to approve an FLSA settlement in the absence of a certified class have been granted, and the agreements are interpreted as private settlements. *Id.* Accordingly, the Court will review the settlement's terms for fairness. *See King*, 2015 WL 631253, at *2 (reviewing settlement's FLSA-related terms, notwithstanding lack of clear requirement to do so).

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id.*

Normally, the Court must also assess the reasonableness of the plaintiffs' attorneys' fees. *Williams*, 2014 WL 5017934, at *2. "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Collins*, 2016 WL 1275598, at

3

*2. "In a private FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees." *Id.* (citation omitted); *see also Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) ("In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.").

In this case, the Court finds that the proposed settlement is fair and reasonable to the named Plaintiff and the opt-in Plaintiffs. The settlement is the product of a bona fide dispute between the parties, and was reached after an arm's length negotiation by counsel. The parties exchanged a significant amount of data before settling the matter and participated in mediation. The total settlement amount equates to approximately 98% of the actual damages suffered by Plaintiff and the opt-in Plaintiffs, based on an average of 20 overtime hours per week. Defendants' time records show an average of much less than 20 weekly overtime hours. The Court finds this to be fair and reasonable.

The Court also finds that the requested attorneys' fees are reasonable. Plaintiffs' counsel submitted an affidavit describing counsel's fee agreements with Plaintiff and noting that the amount of fees requested is less than the total amount permitted by the agreements. The Court finds that amount of attorneys' fees requested by Plaintiffs' counsel is in accordance with counsel's fee agreements and is reasonable, based on the amount of time and effort expended on this case.

Lastly, the parties filed their settlement agreements under seal, and the settlement agreements contain confidentiality provisions. Although the Court generally discourages the filing or retention of documents under seal, in this case, when the substantial benefits of

the settlements are balanced against the harm of sealing the documents from public view, the Court concludes that the interests of justice weigh in favor of approving the parties' settlement agreement and allowing them to remain filed under seal. *Williams v. BPV Mkt. Place Inv'rs, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that for good cause shown, Plaintiff's unopposed motion for approval of Fair Labor Standards Act ("FLSA") collective action settlement (Doc. No. 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' joint motion for leave to file under seal the confidential settlement agreement and memorandum in support of unopposed motion for approval of FLSA settlement (Doc. No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that within **seven (7) days** of the date of this Order, the parties shall file dismissal papers dismissing the case. Failure to comply may result in the dismissal of the case by the Court.

Dated this 21st day of December, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5